**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
MARTINSBURG**

**SCOTT LEE HAYNES,**

Petitioner,

**v.**

**Civil No.: 3:18-CV-130
(JUDGE GROH)**

**JOE COAKLEY, Complex Warden,**

Respondent.

## REPORT AND RECOMMENDATION

## I. INTRODUCTION

On August 13, 2018, the pro se Petitioner, Scott Lee Haynes, filed a petition for the writ of habeas corpus pursuant to 28 U.S.C. § 2241. ECF No. 1. Petitioner is a federal inmate housed at USP Hazelton who is challenging the validity of his sentence imposed in the United States District Court for the District of Minnesota.

This matter is pending before the undersigned for an initial review and Report and Recommendation pursuant to Local Rule of Prisoner Litigation Procedure ("LR PL P") 2 and 28 U.S.C. § 1915A.

## II. FACTS[1]

### A. Conviction and Sentence

On February 18, 2004, in the United States District Court for the District of Minnesota, a superseding indictment was returned against Petitioner in Case No. 0:03-CR-306. ECF No. 26. The four-count superseding indictment charged Petitioner in Count One with possession of an unregistered firearm, in Count Two with felon in possession of a firearm, in Count Three with possession of a stolen firearm, and in Count Four with possession of a stolen vehicle. Id. On June 7, 2004, the jury returned a guilty verdict as to all four counts. ECF No. 59. On October 25, 2004, Petitioner was sentenced for Counts One, Three, and Four to 120 months of incarceration followed by three years of supervised release. ECF No. 69, 90. For Count Two, Petitioner was sentenced to 360 months of incarceration followed by five years of supervised release. ECF Nos. 69, 90 at 3-4. Petitioner was also found to be both a career offender and armed career criminal. ECF Nos. 83 at 2, 90 at 3. In addition, the Court ordered all counts to run concurrently with each other and concurrently with his Rice County, Minnesota, District Court case. ECF No. 69.

### B. Appeal

Petitioner filed a direct appeal with the Eighth Circuit Court of Appeals contending "the district court enhanced his sentence under the career offender guideline in violation of

---

[1] The facts in Sections II. A., B., and C. are taken from the Petitioner's criminal Case No. 0:03-CR-306 in the United States District Court for the District of Minnesota, available on PACER. Unless otherwise noted, the ECF entries in this section refer to that criminal case. Philips v. Pitt Cnty. Mem. Hosp., 572 F.3d 176, 180 (4th Cir. 2009) (courts "may properly take judicial notice of public record); Colonial Penn. Ins. Co. v. Coil, 887 F.2d 1236, 1239 (4th Cir. 1989) ("We note that 'the most frequent use of judicial notice is in noticing the contents of court records.'").

Booker[2]." ECF No. 83 at 2. Specifically, Petitioner "argues that a jury, rather than the district court, should have made the findings that [Petitioner's] possession of a sawed-off shotgun and his earlier convictions for residential burglaries were crimes of violence." Id. However, on November 22, 2005, the Court concluded the offenses were crimes of violence under U.S.S.G. § 4B1.2(a) and affirmed his sentence. Id. at 2-3.

**C. Motions to Vacate and Other Post-Conviction Motions for Relief**

On June 23, 2014, Petitioner filed a Motion, with an accompanying memorandum, to Vacate, Set Aside, or Correct Sentence Under 28 U.S.C. § 2255 in the sentencing court. ECF Nos. 86, 87. On October 14, 2014, by memorandum opinion and order, the Court denied Petitioner's motion and declined to issue a certificate of appealability. ECF No. 90.

On October 1, 2015, Petitioner moved the Eight Circuit Court of Appeals for permission to file a second or successive § 2255 motion in light of the Supreme Court's ruling in Johnson. ECF No. 95. The Eight Circuit denied Petitioner's application to file a second or successive § 2255 motion on April 17, 2017. ECF No. 96.

**D. Instant § 2241 Petition**

In his § 2241 petition, Petitioner asserts three grounds for relief as to his sentence. ECF No. 1. Petitioner asserts that: (1) a "new rule[3] of constitutional law is applicable to petitioner['s] case," which specifically applied to his sentence "as an Armed Career Criminal and a Career Offender;" (2) his "sentence has been miscalculated;" and (3) his "due process" rights have been violated because "the district court treated the guidelines as reasonable; denying petitioner's § 2255 motion out-right saying 'he's time-barred.'" Id.

[2] United States v. Booker, 543 U.S. 220 (2005).

[3] Petitioner does not cite to a specific "new rule of constitutional law" in his petition. ECF No. 1.

at 5-6. Petitioner asks for this Court to "[v]acate, set aside, and correct petitioner's sentence, [and] [r]emand petitioner for re-sentencing/correct sentencing." Id. at 8.

In his memorandum, Petitioner elaborates on the claims presented in his petition. ECF No. 1-1. First, Petitioner argues he "was denied due process and the right to a fair sentencin[g] proceeding when the district court treated the sentencing guidelines as reasonable." Id. at 1. Second, he argues that an unspecified "new rule of constitutional law … is applicable to petitioner in that he was sentenced as an armed career criminal, and a career offender." Id. Then, it appears Petitioner attempts to analyze and compare his case with the Supreme Court decisions in "Sessions v Dimaya[4]" and "in light of Johnson, Johnson II, Mathis, [and] Welch …" Id. at 2-3. Finally, Petitioner believes he is "entitled to relief" based on the previously mentioned cases because he "does not meet the criteria for the purposes of (ACCA) and/or Career Offender sentencing." Id. at 3. Petitioner encourages the court to "hold that the residual clause in Section 924(e) is unconstitutionally vague in this case …" and "determine that 'felon in possession of a firearm' … [is] no longer qualifiable as a 'violent felony' or crime of violence' for purposes of 924(e)." Id.

## III. STANDARD OF REVIEW

### A. Review of Petitions for Relief

Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and the Court's Local Rules of Prisoner Litigation Procedure, this Court is authorized to review such petitions for relief and submit findings and recommendations to the District Court. This Court is charged with screening Petitioner's case to determine if "it plainly appears from the petition and

[4] Petitioner asserts that "Sessions v Dimaya" is "the basis of this supporting memorandum for Petition For Writ of Habeas Corpus." ECF No. 1-1 at 2.

any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing Section 2254 Cases in the U.S. District Courts; see also Rule 1(b) Rules Governing Section 2254 Cases in the U.S. District Courts (a district court may apply these rules to a habeas corpus petition not filed pursuant to § 2254).

**B. Pro Se Litigants.**

Courts must read *pro se* allegations in a liberal fashion and hold those pro se pleadings "to less stringent standards than formal pleadings drafted by lawyers." Haines v. Kerner, 404 U.S. 519, 520 (1972). Pursuant to 28 U.S.C. § 1915A(b), the Court is required to perform a judicial review of certain suits brought by prisoners and must dismiss a case at any time if the Court determines that the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. A complaint is frivolous if it is without arguable merit either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989) (superseded by statute). The Supreme Court in Neitzke recognized that:

> Section 1915(d)[5] is designed largely to discourage the filing of, and waste of judicial and private resources upon, baseless lawsuits that paying litigants generally do not initiate because of the costs of bringing suit and because of the threat of sanctions for bringing vexatious suits under Federal Rule of Civil Procedure 11. To this end, the statute accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless.

[5] The version of 28 U.S.C. § 1915(d) which was effective when Neitzke was decided provided, "The court may request an attorney to represent any such person unable to employ counsel and may dismiss the case if the allegation of poverty is untrue, or if satisfied that the action is frivolous or malicious." As of April 26, 1996, the statute was revised and 28 U.S.C. § 1915A(b) now provides, "On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint-- (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief."

490 U.S. at 327.

## IV. ANALYSIS

Prisoners seeking to challenge the validity of their convictions or their sentences are required to proceed under § 2255 in the district court of conviction. By contrast, a petition for writ of habeas corpus, pursuant to § 2241, is generally intended to address the execution of a sentence, rather than its validity, and is to be filed in the district where the prisoner is incarcerated. "In a § 2241 petition a prisoner may seek relief from such things as the administration of his parole, computation of his sentence by parole officials, disciplinary actions taken against him, the type of detention, and prison conditions in the facility where he is incarcerated." Adams v. United States, 372 F.3d 132, 135 (2d Cir. 2004).

While the terms of § 2255 expressly prohibit prisoners from challenging their convictions and sentences through a habeas corpus petition under § 2241, there is nonetheless a "savings clause" in § 2255, which allows a prisoner to challenge the validity of his conviction under § 2241, if he can demonstrate that § 2255 is "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e). The law is clearly developed, however, that relief under § 2255 is not inadequate or ineffective merely because relief has become unavailable under § 2255 because of: (1) a limitation bar,[6] (2)

[6] In 1996, the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA") was enacted, establishing a one-year limitation period within which to file any federal habeas corpus motion. 28 U.S.C. § 2255. The limitation period shall run from the last of:

> a. The date on which the judgment of conviction becomes final;
>
> b. The date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> c. The date on which the right was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

the prohibition against successive petitions, or (3) a procedural bar due to failure to raise the issue on direct appeal. In re Vial, 115 F. 3d 1192, 1194 n. 5 (4th Cir. 1997).

A petitioner bears the burden of demonstrating that the § 2255 remedy is "inadequate or ineffective,"[7] and the standard is an exacting one. The Fourth Circuit has announced two tests for evaluating whether a petitioner's claim satisfies the § 2255(e) savings clause. Which test is to be applied depends on whether the petitioner is challenging the legality of his conviction or the legality of his sentence. See United States v. Wheeler, 886 F.3d 415, 428 (4th Cir. 2018); In re Jones, 226 F.3d 328, 333–34 (4th Cir. 2000).

When a petitioner is challenging the legality of his conviction, § 2255 is deemed to be "inadequate or ineffective" only when all three of the following conditions are satisfied:

> (1) at the time of the conviction, the settled law of this Circuit or of the Supreme Court established the legality of the conviction;
>
> (2) subsequent to the prisoner's direct appeal and first section 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and
>
> (3) the prisoner cannot satisfy the gate-keeping provisions of section 2255 because the new rule is not one of constitutional law.

In re Jones, 226 F.3d at 333–34.

When a petitioner is challenging the legality of his sentence, § 2255 is deemed to be "inadequate or ineffective" only when all four of the following conditions are satisfied:

---

> d. The date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

[7] This is the equivalent of saying that "the § 2255(e) savings clause is satisfied."

> (1) at the time of sentencing, settled law of this circuit or the Supreme Court established the legality of the sentence;
>
> (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the aforementioned settled substantive law changed and was deemed to apply retroactively on collateral review;
>
> (3) the prisoner is unable to meet the gatekeeping provisions of § 2255(h)(2) for second or successive motions; and
>
> (4) due to this retroactive change, the sentence now presents an error sufficiently grave to be deemed a fundamental defect.

Wheeler, 886 F.3d at 429. The Fourth Circuit has specified that a change of substantive law within the Circuit, not solely in the Supreme Court, would be sufficient to satisfy the second prong of the four-part test established in Wheeler. Id.

Because the requirements of the savings clause are jurisdictional, a § 2241 petitioner relying on the § 2255(e) savings clause must meet the Jones test (if challenging the legality of his conviction) or the Wheeler test (if challenging the legality of his sentence) for the court to have subject-matter jurisdiction to evaluate the merits of the petitioner's claims. See Wheeler, 886 F.3d at 423–26.

Because Petitioner is not challenging his conviction, but only his sentence, the undersigned will not address the Jones test.

The court reviews Petitioner's challenge to his sentence under the four-part Wheeler test. As to the first prong, it is clear that at the time of sentencing, settled law established the legality of the sentence imposed. However, Petitioner cannot meet the second element of the Wheeler test, because subsequent to Petitioner's direct appeal and first § 2255, there was no substantive law changed that was to be applied retroactively on collateral review.

To the extent Petitioner relies on "Johnson[8], Johnson II, Mathis[9], Welch[10], and Dimaya," to satisfy the second requirement of Wheeler, these arguments are without merit. ECF No. 1-1 at 3. With regard to Johnson II and Welch, although those cases did announce a change of substantive law that was to be applied retroactively on collateral review, the one-year statute of limitations period of 28 U.S.C. § 2255(f)(3) for filing a claim relying on the Supreme Court's decision in Johnson II expired on June 26, 2016. Because Petitioner filed this petition on August 13, 2018, more than two years after the expiration of the statute of limitations, Petitioner cannot rely on Johnson II and Welch to meet the second prong of Wheeler.

---

[8] The undersigned notes that Petitioner cites to "Johnson," which the Court liberally construes to mean United States v. Johnson, 526 Fed. Appx 708, (8th Cir. 2013), which was reversed and remanded by the Supreme Court in Johnson v. United States, 135 S. Ct. 2551 (2015) (hereinafter Johnson II). In Johnson II, the Supreme Court invalidated a provision of the ACCA that creates a sentencing enhancement for possessing a firearm in the commission of a federal felony when the defendant already has three prior convictions for violent felonies and/or serious drug offenses. 18 U.S.C. § 924(e)(1); see id. § 922(g). The ACCA defines a "violent felony" as a crime punishable

> …by imprisonment for a term exceeding one year… that
> (i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or
> *(ii)* is burglary, arson, or extortion, involves use of explosives, ***or otherwise involves conduct that presents a serious potential risk of physical injury to another.***

18 U.S.C. § 924(e)(2)(B)(emphasis added).

The closing words of this definition, bolded and italicized above, have come to be known as the Act's residual clause. In Johnson II, the Supreme Court held that imposing an increased sentence under the residual clause violated due process. 135 S. Ct. at 2555-2563.

[9] The undersigned notes that Petitioner cites to "Mathis v. United States," which the Court liberally construes to mean Mathis v. United States, 136 S. Ct. 2243 (2016).

[10] On January 8, 2016, the Supreme Court granted a writ of certiorari to resolve a split in the circuits as to whether Johnson II applied retroactively to the sentences of defendants whose convictions had become final. Welch v. United States, 136 S. Ct. 790, 2016 WL 90594 (2016). On April 18, 2016, the Supreme Court determined that Johnson II changed the substantive reach of the Act, and therefore was a substantive, rather than a procedural decision, because it affected the reach of the underlying statute rather than the judicial procedures by which the statute was applied. Therefore, the Court held that Johnson II announced a new substantive rule that applies retroactively to cases on collateral review. Welch v. United States, 136 S. Ct. 1257 (2016).

Additionally, Petitioner's argument that Mathis was a substantive change in the law is meritless because the Supreme Court in Mathis unequivocally stated that it was not announcing a new rule and that its decision was dictated by decades of prior precedent. Id. at 2257. Accordingly, Mathis did not announce a substantive change in the law and courts applying it have repeatedly agreed. See, *e.g.*, Dawkins v. United States, 829 F.3d 549, 551 (7th Cir. 2016)(concluding Mathis was a case of statutory interpretation and did not announce a new rule that would permit the filing of a second or successive habeas petition); Dimott v. United States, 2016 WL 6068114, at *3 (D. Maine, Oct. 14, 2016, aff'd, 881 F.3d 232 (1st Cir. 2018))("Mathis has not been recognized as a case that announced a new substantive rule that is retroactively applicable to cases on collateral review. The Supreme Court made clear that it was not breaking new ground in Mathis . . . ."); Blackwell v. United States, 2016 WL 5849384, at *5 (W.D. Va., Oct. 6, 2016)("By the Court's own admission, Mathis does not set a new rule."); see also United States v. Taylor, 672 Fed. Appx 860, 864 (10th Cir. 2016)("Here, the Supreme Court explicitly stated in Mathis that it was not announcing a new rule and that its decision was dictated by decades of prior precedent."). Accordingly, Petitioner's reliance on Mathis to satisfy the second prong of Wheeler fails.

Finally, despite the change in substantive law[11] in Sessions v. Dimaya, 138 S. Ct. 1204 (2018), Dimaya has not been found to be retroactive on collateral review in this

[11] Dimaya found the residual clause of 18 U.S.C. § 16(b) which defines a crime of violence as "any other offense that is a felony and that, by its nature, involves a substantial risk that physical force against the person or property of another may be used in the court of committing the offense," was void for vagueness. Id. at 1215-16, 23.

Circuit. Accordingly, Petitioner fails to meet the second requirement of Wheeler, and the undersigned need not address the third and fourth prongs of Wheeler.[12]

Petitioner's claims raised under § 2241 seek relief that is instead properly considered under § 2255. Petitioner has not demonstrated that § 2255 is an inadequate or ineffective remedy and has improperly filed a § 2241 petition. Because Petitioner cannot meet the savings clause of § 2255, Petitioner's claims may not be considered under § 2241. Accordingly, this Court is without jurisdiction to consider the petition. When subject-matter jurisdiction does not exist, "the only function remaining to the court is that of announcing the fact and dismissing the cause." Steel Co. v. Citizens for a Better Environment, 523 U.S. 83, 118 S. Ct. 1003, 1012–16 (1998); Reinbold v. Evers, 187 F.3d 348, 359 n.10 (4th Cir. 1999).

## V. RECOMMENDATION

Based on the foregoing, the undersigned recommends that Petitioner's § 2241 petition [ECF No. 1] be **DENIED and DISMISSED WITHOUT PREJUDICE**.

**Within fourteen (14) days** after being served with a copy of this Recommendation, any party may file with the Clerk of the Court, written objections identifying the portions of the Recommendation to which objections are made and the basis for such objections. A copy of such objections should also be submitted to the

[12] Even though Petitioner was sentenced pre-Booker, he does not appear to dispute the fourth prong of Wheeler. The Fourth Circuit's decision in Lester v. Flournoy, 909 F.3d 708 (4th Cir. 2018), found that a misclassification as a career offender under the pre-Booker, then-mandatory USSG is a "fundamental defect" for the purposes of the fourth prong of Wheeler. Lester, 909 F.3d at 716. In both Wheeler and Lester, the Fourth Circuit found that the petitioner had satisfied the retroactivity clause of the second prong. See Lester, 909 F.3d at 712 (finding that a 7th Circuit decision, which held the change in law to be retroactive, was sufficient for satisfying the retroactivity clause of the second prong of Wheeler); Wheeler, 886 F.3d at 429 (finding that Miller v. United States, 735 F.3d 141 (4th Cir. 2013), made United States v. Simmons, 649 F.3d 237 (4th Cir. 2011), retroactive on collateral review). By contrast, there is no holding in the cases Petitioner cites to that have been deemed to apply retroactively on collateral review that are applicable.

Honorable Gina M. Groh, Chief United States District Judge. Objections shall not exceed ten (10) typewritten pages or twenty (20) handwritten pages, including exhibits, unless accompanied by a motion for leave to exceed the page limitation, consistent with LR PL P 12.

**Failure to timely file written objections to the Recommendation set forth above will result in waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

This Report and Recommendation completes the referral from the district court. The Clerk is directed to terminate the Magistrate Judge's association with this case.

The Clerk of the Court is directed to mail a copy of this Report and Recommendation to the *pro se* Petitioner by certified mail, return receipt requested, to his last known address as reflected on the docket sheet.

**DATED:** January 24, 2020

/s/ *Robert W. Trumble*
ROBERT W. TRUMBLE
UNITED STATES MAGISTRATE JUDGE